|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| AVALANCHE FUNDING, LLC, | No. 2:16-cv-02555-TLN-KJN |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| FIVE DOT CATTLE COMPANY, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Defendants' Five Dot Cattle Company, Mapes Ranch, Inc., and Timothy Swickard's ("Swickard Defendants") Motion to Dismiss.[1] (ECF No. 9.) Plaintiff Avalanche Funding, LLC ("Plaintiff") opposes the Swickard Defendants' motion. (ECF No. 15.) The Swickard Defendants filed a Reply. (ECF No. 20.) Having carefully considered the briefing filed by both parties, the Court hereby DENIES the Swickard Defendants' Motion to Dismiss. (ECF No. 9.)

///

///

///

///

---

[1] This action involves twenty-five named Defendants. Only the three named Defendants are party to this motion.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a lender seeking to obtain a judicial foreclosure of an undeveloped parcel of property. On January 27, 1994, the deed reflecting the sale of undeveloped property ("the Property") to Norman and Gloria Rice from Mapes Ranch, Inc. was recorded in Lassen County, California. (ECF No. 6 at 121–124.) The deed provided that Mapes Ranch, Inc. reserved the right to use the Property for livestock, as described by the reservation of grazing rights and option to purchase grazing rights "dated concurrently with [the] grant deed." (ECF No. 6 at 121.) The specific terms are reflected in the "Reservation of Grazing Rights and Option to Purchase Grazing Rights" between Mapes Ranch, Inc. and Norman Rice dated January 27, 1994. (ECF No. 6 at 128–134.)

After a number of sales, the Property came to be owned by Syed Arif and Syeda Begum, who entered into a promissory note with Plaintiff. (ECF No. 6 ¶ 28.) Arif and Begum eventually defaulted on this note. (ECF No. 6 ¶ 30–32.) Consequently, on August 19, 2016, Plaintiff filed a foreclosure action in Lassen County Superior Court to foreclose on the Property, including the reserved grazing rights. (*See* ECF No. 9-3.) Plaintiff listed Arif and Begum as defendants, but also listed Five Dot Cattle Company, Mapes Ranch, Inc., Timothy Swickard, and any other person or entity who could assert an interest in the Property as defendants. (ECF No. 9-3 at 1.)

On December 13, 2016, the Lassen County Superior Court sustained the Swickard Defendants' demurrer to Plaintiff's complaint for failing "to state facts sufficient to constitute a cause of action" for quiet title, reformation of deed of trust and judicial foreclosure of real property, and replevin and judicial foreclosure of personal property collateral (ECF No. 9-4 at 3.) The Superior Court stated that all three claims were "vague, uncertain and unintelligible." (ECF No. 9-4 at 3.) The Superior Court further imposed $27,253.51 in sanctions on Plaintiff for attorney's and court fees. (ECF No. 9-6 at 22.) Plaintiff subsequently voluntarily dismissed its complaint in state court. (*See* ECF No. 9-7.)

On October 16, 2016, Plaintiff filed a complaint with this Court. (ECF No. 1.) On November 17, 2016, Plaintiff filed its first amended complaint ("FAC") alleging five causes of action: (1) a promissory note claim against Arif and Begum; (2) a claim for reformation of the

deed of trust with respect to the Property against all defendants; (3) a claim for judicial foreclosure of the Property against all defendants; (4) a claim for replevin and foreclosure of a security interest in ranch fixtures and water against all defendants; and (5) appointment of a receiver. (*See* ECF No. 6.) The Swickard Defendants now move to dismiss the FAC as brought against them. (ECF No. 9.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Moreover, it is inappropriate to assume that the plaintiff can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged [.]" *Associated Gen. Contractors of Cal., Inc.v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

### III. ANALYSIS

The Swickard Defendants argue generally that Plaintiff has failed to state a claim because it has not made sufficient factual allegations to establish that it has any "interest in the grazing rights on which it could lawfully foreclose." (ECF No. 9-1 at 5.) The Swickard Defendants state that the reservation of grazing rights allows the "original grantees and their successors to repurchase [the] grazing rights from Defendant Mapes Ranch, Inc." (ECF No. 9-1 at 5.) They

also assert that the recorded deed contains a reservation of the Swickard Defendants' grazing rights, which creates a senior interest to Plaintiff's as a matter of law. (ECF No. 20 at 3.) Plaintiff states that Cal. Civ. Proc. Code section 726(c) requires it to name all parties claiming an unrecorded interest to obtain a judicial foreclosure. (ECF No. 15 at 5.) Plaintiff argues that under *Diamond Benefits Life Ins. Co. v. Troll*, a foreclosing party asserting a cause of action under section 726(c) is required "to give notice to the persons who have a recorded interest in the real property which is junior to that of the foreclosing party." *Diamond Benefits Life Ins. Co. v. Troll*, 66 Cal. App. 4th 1, 4 (1988). (ECF No. 7.) Plaintiff maintains that the Swickard Defendants are junior interest holders in the reservation of grazing rights, and that if they are not named in this action, they will not be bound by the outcome. (ECF Nos. 6 & 7.)

Whether the Swickard Defendants are appropriate parties under section 726(c) or whether they are junior interest holders under *Diamond Benefits* are both interesting legal questions. Unfortunately, neither Plaintiff nor the Swickard Defendants have made sufficient arguments in their moving papers to allow the Court to rule on and answer these questions. Both Plaintiff and the Swickard Defendants make sweeping, broad generalizations as to each claim that Plaintiff alleges in its FAC. Neither party points to any specific allegations in the complaint that support their arguments. As such, both parties have failed to answer the aforementioned questions, even after the Court requested additional briefing from the parties with statutory and case law to support their contentions. In the context of a motion to dismiss, the burden is on the defendant to prove that the plaintiff failed to state a claim. *Anderson v. Fishback*, 2009 WL 2423327, at *2 (E.D. Cal 2009) (citing *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006)). In the instant case, the Swickard Defendants do not explain how Plaintiff fails to plead the necessary elements for each cause of action or point out the deficiencies in Plaintiff's claims. Accordingly, the Swickard Defendants have not presented enough facts and analysis to meet their burden.[2]

Even if the parties had supplied the Court with adequate briefing, whether the reservation

---

[2] It is purely based on the poor briefing of the Swickard Defendants that Plaintiff carries the day. However, the Court notes that Plaintiff's briefing was of equally poor quality and Plaintiff failed to support its arguments or adequately address the specific request made by the Court in its request for additional briefing.

of grazing rights is valid and creates any kind of interest is a factual issue to be resolved at a later state in this litigation. For the aforementioned reasons, the Court cannot decide the Swickard Defendants' motion to dismiss on its merits.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Swickard Defendants' Motion to Dismiss with leave to amend. (ECF No. 9.) The parties shall file a Joint Status Report with the Court within thirty (30) days of this order.

IT IS SO ORDERED.

Dated: December 5, 2017

Troy L. Nunley
United States District Judge