UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVALANCHE FUNDING, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SYED M. ARIF, et al.,<br><br>Defendants. | No. 2:16-cv-02555-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT RECEIVER** |

This matter is before the Court on Plaintiff Avalanche Funding LLC's ("Plaintiff") Motion to Appoint Receiver. (ECF No. 50.) Defendants Five Dot Cattle Company, Mapes Ranch, Inc., and Timothy Swickard's (collectively "Swickard Defendants") oppose the motion. (ECF No. 53.) No other Defendant filed an opposition or statement of non-opposition. Having carefully considered the arguments raised by both parties and for the reasons set for both, the Court hereby denies Plaintiff's Motion to Appoint Receiver. (ECF No. 50.)

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a lender seeking to obtain a judicial foreclosure of an undeveloped parcel of property. On January 27, 1994, the deed reflecting the sale of undeveloped property ("the Property") to Norman and Gloria Rice from Mapes Ranch, Inc. was recorded in Lassen County, California. (ECF No. 6 at 121–124.) After a number of sales, the Property came to be

1

owned by Syed Arif and Syeda Begum, who entered into a promissory note with Plaintiff. (ECF No. 6 ¶ 28.) Arif and Begum eventually defaulted on this note. (ECF No. 6 ¶ 30–32.) Consequently, on August 19, 2016, Plaintiff filed a foreclosure action in Lassen County Superior Court to foreclose on the Property. (*See* ECF No. 9-3.) Plaintiff listed Arif and Begum as defendants, but also listed Five Dot Cattle Company, Mapes Ranch, Inc., Timothy Swickard, and any other person or entity who could assert an interest in the Property as defendants. (ECF No. 9-3 at 1.)

On October 16, 2016, Plaintiff filed a complaint with this Court. (ECF No. 1.) On November 17, 2016, Plaintiff filed its first amended complaint ("FAC") alleging five causes of action: (1) a promissory note claim against Arif and Begum; (2) a claim for reformation of the deed of trust with respect to the Property against all defendants; (3) a claim for judicial foreclosure of the Property against all defendants; (4) a claim for replevin and foreclosure of a security interest in ranch fixtures and water against all defendants; and (5) appointment of a receiver. (*See* ECF No. 6.) The Swickard Defendants moved to dismiss the FAC as brought against them. (ECF No. 9.) This Court held the Swickard Defendants failed to meet their burden on a motion to dismiss and denied the motion on burden alone. (ECF No. 81 at 5.) While the motion to dismiss was pending, Plaintiff's filed the instant motion to appoint receiver. (ECF No. 50.)

## II. STANDARD OF LAW

"Appointing a receiver is an extraordinary equitable remedy, which should be applied with caution." *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). While there is no precise formula a court should follow in determining whether to appoint a receiver, the Ninth Circuit identified several factors that guide this determination, including:

> (1) whether [the party] seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and, (7)

> whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership.

*Id.* (quotation marks and citations omitted). "[T]he district court has broad discretion in appointing a receiver, . . . it may consider a host of relevant factors, and . . . no one factor is dispositive." *Id.* at 845.

### III. ANALYSIS

Plaintiff presents multiple reasons as to why a receiver should be appointed. (ECF No. 50-1 at 14–15.) The Swickard Defendants are the only defendants who filed an opposition to the motion. Swickard Defendants oppose the motion "to the extent that Plaintiff seeks to appoint a receiver to administer [] grazing rights." (ECF No. 53 at 3.) As Plaintiff points out in its reply, Swickard Defendants do not present any legal authority supporting their opposition to a receiver administering to the grazing rights. However, the very existence of the argument surrounding the grazing rights highlights for the Court the complexity of this issue. The Court is hesitant to permit another party into the case to complicate matters even further. Plaintiff's arguments do nothing to assuage the Court's hesitation. The Court turns to an analysis of the *Canada Life* factors and Plaintiff's arguments.

As for factors one, two, and six of *Canada Life*, the record is not sufficiently developed to determine whether Plaintiff has a valid claim, whether Defendants engaged in fraudulent conduct, or Plaintiff's probable success in the action. Thus, these factors are neutral and given no weight.

As to the third *Canada Life* factor, Plaintiff contends it has personally observed the property and finds that there is a failure to collect rents and profits, waste and trash, overgrazing, open fire pits and campsites, and unrepaired fences. (ECF No. 50-1 at 15; *see also* Decl. of Fred j. Orr, ECF No. 50-7.) The Court notes Plaintiff does not explain where the rents and profits arise especially when Plaintiff describes the land as "3,200 acres of vacant rangeland that is mostly undeveloped." (ECF No. 50-1 at 10.) However, the Court acknowledges that waste and diminishing property value weigh in favor of appointing a receiver. Thus, despite Plaintiff's apparent misstatement, this factor weighs in favor of appointing a receiver.

As to the fourth factor, whether legal remedies are adequate, Plaintiff does not directly

3

address this issue.  However, Plaintiff does contend it is undisputed that the property lacks sufficient value to insure the Note.  (ECF No. 50-1 at 14.)  However, Plaintiff admits through its member, Fred J. Orr, that "[t]he current fair market value of the Property is unknown to [Plaintiff] with particularity.  However, [Plaintiff] is certain that the Note is not fully secured by the Property."  (Decl. of Fred J. Orr, ECF No. 50-7 ¶ 24.)  Thus, Plaintiff's own statement belies this assertion.  Furthermore, there is no evidence presented that foreclosure, the legal remedy sought, is inadequate.  Thus, this factor weighs against a receiver.

The fifth *Canada Life* factor, whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment, gives the Court the most pause.  The Court has no way of determining how the receiver's interest and the Swickard Defendants' interest would overlap or come into conflict.  Given the Court's previous order detailing the legal questions surrounding the rights of Plaintiff and the Swickard Defendants, the Court cannot say that the Swickard Defendants have no rights, and the extent to which those rights may be harmed by the appointment of a receiver.  Plaintiff contends the Swickard Defendants are akin to tenants in a building encumbered by a deed of trust, but offer no legal authority as to how that affects this matter.  Accordingly, the fifth factor weighs against appointment of a receiver.

Finally, as to the seventh factor, whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership, denying Plaintiff's request does not impede Plaintiff's ability to continue to prosecute this action and obtain title to the Property.  Thus, this factor weighs against a receiver.

Plaintiff further contends Defendants Arif and Begum agreed to the appointment in the Deed of Trust and now consent to the appointment.  (ECF No. 50-1 at 14.)  Plaintiff asserts "these are the most important factors in determining the appointment of a receiver."  (ECF No. 50-1 at 14.)  First, the Court notes Plaintiff does not sight any case law explicitly stating these are the most important factors.  In fact, the case Plaintiff cites classifies these factors as "entitled to great weight." *New York Life Ins. Co. v. Watt West Investment Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991) (stating the defendant's consent to appointment of a receiver is not dispositive under federal law and is instead a factor that commands great weight.)  This factor is also complicated

4

by the existence of multiple other Defendants, three of which oppose this motion. Therefore, Plaintiff's argument is unpersuasive.

### IV. CONCLUSION

For the reasons set forth above, the Court finds Plaintiff has not demonstrated it is entitled to the extraordinary remedy of appointment of a receiver. Accordingly, Plaintiff's Motion to Appoint Receiver (ECF No. 50) is hereby DENIED.

IT IS SO ORDERED.

Dated: March 23, 2018

_____
Troy L. Nunley
United States District Judge