Mary Bacon, Bar No. 283369
mbacon@spencerfane.com
John O'Brien (admitted Pro Hac Vice)
jobrien@spencerfane.com
Scott C. Sandberg (admitted Pro Hac Vice)
ssandberg@spencerfane.com
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203

Attorneys for Plaintiff
Avalanche Funding, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVALANCHE FUNDING, LLC, a Colorado limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>SYED M. ARIF, an individual; SYEDA REHANA BEGUM, an individual; TIM SWICKARD, an individual; MAPES RANCH, INC., a California corporation; FIVE DOT CATTLE COMPANY, a California corporation; NORMAN F. RICE, deceased; THE TESTATE AND INTESTATE SUCCESSORS OF NORMAN F. RICE, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH DECEDENT, AS REPRESENTED BY THE PERSONAL REPRESENTATIVE OF THE ESTATE OF NORMAN F. RICE; GLORIA RICE, deceased; THE TESTATE AND INTESTATE SUCCESSORS OF GLORIA RICE, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH DECEDENT, AS REPRESENTED BY THE PERSONAL REPRESENTATIVE OF THE ESTATE OF GLORIA RICE; RICE 1997 FAMILY TRUST; GLORIA M. RICE, TRUSTEE OF THE RICE 1997 FAMILY TRUST; NORMAN RICE ENTERPRISES, INC., a Nevada corporation; MATTHEW G. HUNTLEY A/K/A MATTHEW GRANT HUNTLEY, an individual; MICHON HUNTLEY, an individual; RAMONA | Case No. 2:16-CV-02555-TLN-KJN<br><br>**ORDER GRANTING (1) MOTION TO APPROVE RECEIVER'S REPORT; (2) MOTION TO CONFIRM SALE; (3) MOTION TO TERMINATE THE RECEIVERSHIP; AND (4) MOTION TO RELEASE AND DISCHARGE THE RECEIVER**<br><br>Ctrm: 2<br>Judge: Hon. Troy L. Nunley |

| | |
|---|---|
| 1 | STONEBARGER, deceased; THE TESTATE AND INTESTATE SUCCESSORS OF RAMONA STONEBARGER, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH DECEDENT, AS REPRESENTED BY THE PERSONAL REPRESENTATIVE OF THE ESTATE OF RAMONA STONEBARGER; ART KOFFINKE, deceased; THE TESTATE AND INTESTATE SUCCESSORS OF ART KOFFINKE, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH DECEDENT, AS REPRESENTED BY THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ART KOFFINKE; LARRY CAMPBELL, deceased; THE TESTATE AND INTESTATE SUCCESSORS OF LARRY CAMPBELL, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH DECEDENT, AS REPRESENTED BY THE PERSONAL REPRESENTATIVE OF THE ESTATE OF LARRY CAMPBELL; HANSON CATTLE COMPANY, purported corporation of likely Nevada domicile; HANSEN CATTLE COMPANY, a Nevada corporation; NORTH AMERICAN TECHNICAL TRADING CO., INC., an Illinois corporation; A TRUSTEE OF AN UNNAMED TRUST TO BE ESTABLISHED REFERENCED IN A NOTICE RECORDED ON FEBRUARY 11, 1997 IN VOLUME 660 AT PAGE 559; CHICAGO TITLE COMPANY in its capacity as Trustee under a Deed of Trust Recording Number 2008-04633 of Official Records, Lassen County; ALL PERSONS UNKNOWN CLAIMING ONLY LEGAL OR EQUITABLE RIGHT, TITLE INTEREST OR CLOUD ON PLAINTIFF'S INTEREST IN PROPERTY; and DOES 1 – 50<br><br>Defendants |

Upon the (1) Motion To Approve Receiver's Report; (2) Motion to Confirm Sale; (3) Motion To Terminate The Receivership; and (4) Motion To Release And Discharge The Receiver filed by Avalanche Funding, LLC, and upon good grounds appearing therefor this Court orders as follows:

IT IS HEREBY ORDERED that the motions are granted.

IT IS FURTHER ORDERED as follows:

SPENCER FANE LLP
1700 LINCOLN STREET, SUITE 2000
DENVER, COLORADO 80203
TELEPHONE: 303-839-3800
FACSIMILE: 303-839-3838

(a) That the Receiver's Report is accepted and approved as filed and the Receiver is relieved from filing any additional reports with the Court;

(b) That the Receiver is relieved, discharged, and released from any further responsibility for any property over which he has been appointed;

(c) That Tom Morrow be and hereby is and shall stand discharged as Receiver, and that he and his surety shall be, and hereby are discharged, relieved, released and exonerated from any liability or acts occurring prior to or subsequent to his discharge, said discharge and release to be effective without further application of this court;

(d) That the Receivership is hereby terminated;

(e) That the Receiver has no further responsibility to keep or maintain any records after December 31, 2023 and that the Receiver may destroy all of his records after December 31, 2023;

(f) That persons or parties requesting information or services from the Receiver after his discharge shall make their own arrangements for compensating the Receiver, and the Receiver shall have no further responsibility to provide information or services with or without compensation; and

(g) that the sale made by the Receiver with respect to the Property on September 9, 2021 and all of the proceedings in all respects are hereby approved and confirmed.

Dated this 20th day of September, 2021.

_____
Troy L. Nunley
United States District Judge

- 3 -